FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2013 JAN 25 PM 2:51

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

F4W, Inc., a Florida corporation,

Plaintiff,

vs.                                              CASE NO.: 6:13CV144-ORL-28TBS

Incident Communication Solutions, LLC,
a foreign limited liability company,

Defendant.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT

F4W, Inc., a Florida corporation ("F4W"), sues Defendant, Incident Communications Solutions, LLC, a foreign limited liability company ("ICS") and alleges as follows:

1.  F4W is an industry leader in providing secure and reliable solutions to communicating during disaster responses by eliminating network and device barriers often in place that did not allow people to communicate when traditional infrastructures were destroyed or simply just not there. At issue in this litigation is F4W's patented and proprietary Core Communication Kits. As described hereinafter, the F4W Core Communication Kits are proprietary and patent-protected. ICS is a direct competitor of F4W. However, the products manufactured and/or marketed by ICS infringe on patents held by F4W. Accordingly, F4W brings this action for patent infringement to redress the misappropriation of F4W's Emergency Communication Technology.

## PARTIES

2.  F4W is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Lake Mary, Florida.

3. ICS is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Millersville, Maryland.

## JURISDICTION AND VENUE

4. The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over ICS. ICS offers products for sale within the Middle District of Florida and within the Middle District of Florida, Orlando Division.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## BACKGROUND TO THE ACTION

8. For decades, federal, state and local disaster and emergency response agencies have struggled with efforts to obtain reliable, dependable and easily deployable communications systems in the aftermath of natural disasters, including hurricanes, tornadoes and earthquakes. With the advent of satellite technologies, many companies began to develop mobile emergency response vehicle systems which incorporated communication technologies which integrated traditional telephony, internet and satellite systems. For many years, television broadcasts showed images of large tractor trailers, vans and even SUVs with roof mounted satellites being used to establish communication systems in the wake of natural disasters. These early systems were cumbersome, expensive, and, most seriously, frequently taking hours or days to deploy. Moreover, the technical expertise required for operators of such systems severely limited the adequate staffing and deployment of these monolithic systems.

9. F4W is an industry leader which realized the potential for the development of easily man-portable satellite communication kits, systems, and methods, which could be easily operated by a person with little or no technical expertise or training.

10. In accordance with the American system of providing protection for those who develop innovative technologies, F4W applied for and obtained patent protection for its proprietary technology.

## THE ASSERTED PATENTS

11. F4W is the lawful owner of United States Patent Nos. 8,175,632 (the "'632 Patent"), 7,546,139 (the "'139 Patent") and 8,289,900 (the "'900" Patent"). The '632 Patent and the '139 Patent, described generally, relate to a system for establishing and maintaining communications across disparate networks comprised of a satellite dish and a control unit comprising a network management server and a satellite data conversion component, embodied in a man-portable kit. The '900 Patent, described generally, relates to a software-based application involving user lists that enables various types of communication within a network without the need for a centralized server. Copies of the '632 Patent, the '139 Patent and the '900 Patent are attached hereto as **Exhibits "A", "B" and "C"**, respectively. The '632 Patent, the '139 Patent and the '900 Patent are hereinafter collectively referred to as the "Asserted Patents".

## ACTS GIVING RISE TO THE ACTION

12. For several years, ICS has been a direct competitor with F4W. The communication systems manufactured and marketed by F4W and ICS are sold to a fairly narrow customer base, consisting principally of federal, state and local disaster response agencies and companies, for example, those engaged in off-shore oil exploration. On occasion, however,

individual businesses will purchase the communication systems manufactured and marketed by F4W and ICS.

13. Both F4W and ICS regularly attend the same industry trade shows. Following F4W's development of the technology protected by the '632 Patent and the '139 Patent, and later the '900 Patent, ICS representatives recognized the serious competitive advantage which F4W enjoyed in the industry due to its development of an integrated kit which could be easily operated by a person with little or no technical knowledge and could be operated without the need for a centralized server.

14. ICS recognized that F4W had developed a superior unified communication solution, and set about the process of attempting to either collaborate with F4W or, unfortunately, misappropriate and exploit F4W's technology for its own use and benefit.

15. F4W filed its Provisional Patent Application on December 27, 2005, a copy of which is attached hereto as **Exhibit "D"**.

16. The '139 Patent was issued on June 9, 2009 and claimed the benefit of the Provisional Patent Application.

17. The '632 Patent was issued on May 8, 2012, is a divisional application of the '139 Patent and, as such, also claims the benefit of the Provisional Patent Application.

18. The '900 Patent was issued on October 16, 2012, is a divisional application of the '139 Patent and, as such, also claims the benefit of the Provisional Patent Application.

19. The website maintained by ICS markets two products, designated as the "Fly-Away" and "Warrior" products, which infringe on the Asserted Patents:

http://www.incidentcommunications.com/TICS,
http://www.incidentcommunications.com/sites/default/files/ICS_TICS_DS_June2010.pdf,
http://www.incidentcommunications.com/warrior, and
http://www.incidentcommunications.com/sites/default/files/ICS_WARRIORDatasheet_2011.pdf

Copies of screen images of the infringing product are attached hereto as Composite Exhibit "E".

20. Referring initially to the '632 patent, the ICS products offered for sale include a kit for establishing and maintaining communications across disparate networks. The kit includes a network management server comprising a wireless network interface, a wired network interface and an Internet network interface. The ICS product also includes a satellite data conversion component in communication with the network management server.

21. With respect to the '139 patent, the ICS products provide a system for establishing and maintaining communications over two or more disparate networks. Once implemented, the system enables communications over the Internet and across a wireless local area network.

22. With respect to the '900 patent, the ICS products offer "optional integration/compatibility with JPS communications ACU" and optional integration of "PC-based dispatch and conferencing." The "TICS gets you up and running with high-speed broadband Internet connectivity, voice and data systems anywhere." The TICS Warrior product "provides access to critical information for incident management teams and supports Voice, Data and Video configuration to keep the incident response moving." The TICS Fly-Away product achieves "full connectivity so that emergency response teams can benefit from 100% reliable communications no matter where they are operating" and provides "[a]ccess to phones, data systems, video teleconference and faxes" over satellite in "largely populated urban areas or remote, isolated locations where no infrastructure exists."

23. With respect to the '139 Patent and the '632 Patent, in accordance with 35 U.S.C. § 287, ICS was notified of the infringement by written notification no later than July 17, 2012

and continued to infringe thereafter, attached hereto as **Exhibit "F"**. Due to this notification, ICS had actual knowledge of F4W's Patents and the infringement. The written notification specified the patent kits, systems, and/or processes which have been infringed upon and the reasons for that good faith belief.

## COUNT I: INFRINGEMENT OF THE '632 PATENT
### (35 U.S.C. § 271(a), (b) and (c))

24. F4W realleges and incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

25. ICS, on information and belief, has infringed and continues to infringe the '632 Patent by performing the steps of at least one claim of the '632 Patent, in violation of 35 U.S.C. § 271(a), by using the kit within the United States.

26. ICS, on information and belief, has infringed and continues to infringe the '632 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others to perform the steps of at least one of the claims of the Asserted Patents by using the kit within the United States.

27. F4W has suffered and will suffer monetary damages as a result of ICS's infringement of the '632 Patent in an amount to be determined at trial.

28. F4W has suffered irreparable harm as a result of ICS's infringement of the '632 Patent and will continue to suffer irreparable harm unless ICS is enjoined from infringing the '632 Patent.

## COUNT II: INFRINGEMENT OF '139 PATENT
### (35 U.S.C. § 271(a), (b) and (c))

29. F4W realleges and incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

30. ICS, on information and belief, is infringing the '139 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the system, within the United States, and/or importing the system into the United States.

31. ICS, on information and belief, has infringed and continues to infringe the '139 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the using, offering to sell, and/or selling the system, within the United States.

32. F4W has suffered and will suffer monetary damages as a result of ICS's infringement of the '139 Patent in an amount to be determined at trial.

33. F4W has suffered irreparable harm as a result of ICS's infringement of the '139 Patent and will continue to suffer irreparable harm unless ICS is enjoined from infringing the '139 Patent.

### COUNT III: INFRINGEMENT OF THE '632 PATENT
### (35 U.S.C. § 271(a))

34. F4W realleges and incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

35. ICS, on information and belief, is infringing the '632 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the kit within the United States.

36. F4W has suffered and will suffer monetary damages as a result of ICS's infringement of the '632 Patent in an amount to be determined at trial.

37. F4W has suffered irreparable harm as a result of ICS's infringement of the '632 Patent and will continue to suffer irreparable harm unless ICS is enjoined from infringing the '632 Patent.

## COUNT IV: INFRINGEMENT OF THE '139 PATENT
### (35 U.S.C. § 271(a))

38. F4W realleges and incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

39. ICS, on information and belief, has infringed and continues to infringe the '139 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the system within the United States.

40. F4W has suffered and will suffer monetary damages as a result of ICS's infringement of the '139 Patent in an amount to be determined at trial.

41. F4W has suffered irreparable harm as a result of ICS's infringement of the '139 Patent and will continue to suffer irreparable harm unless ICS is enjoined from infringing the '139 patent.

## COUNT V: INFRINGEMENT OF THE '900 PATENT
### (35 U.S.C. § 271(a), (b) and (c))

42. F4W realleges and incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

43. ICS, on information and belief, has infringed and continues to infringe the '900 Patent by performing the steps of at least one claim of the '900 Patent, in violation of 35 U.S.C. § 271(a), by using the method within the United States.

44. ICS, on information and belief, has infringed and continues to infringe the '900 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others to perform the steps of at least one of the claims of the Asserted Patents by using the method within the United States.

45. F4W has suffered and will suffer monetary damages as a result of ICS's infringement of the '900 Patent in an amount to be determined at trial.

46. F4W has suffered irreparable harm as a result of ICS's infringement of the '900 Patent and will continue to suffer irreparable harm unless ICS is enjoined from infringing the '900 Patent.

## COUNT VI: INFRINGEMENT OF THE '900 PATENT
## (35 U.S.C. § 271(a))

47. F4W realleges and incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

48. ICS, on information and belief, is infringing the '900 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the method within the United States.

49. F4W has suffered and will suffer monetary damages as a result of ICS's infringement of the '900 Patent in an amount to be determined at trial.

50. F4W has suffered irreparable harm as a result of ICS's infringement of the '900 Patent and will continue to suffer irreparable harm unless ICS is enjoined from infringing the '632 Patent.

## PRAYER FOR RELIEF

WHEREFORE, F4W respectfully requests this Court:

A. To enter judgment that ICS has infringed the Asserted Patents in violation of 35 U.S.C. § 271(a), (b), and/or (c);

B. To enter orders enjoining ICS, and its respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of the foregoing, who receive actual notice by personal service or otherwise of the orders, from infringing the Asserted Patents in violation of 35 U.S.C. § 271(a), (b), and/or (c);

C. To award F4W its respective damages in amounts sufficient to compensate it for ICS's infringement of the Asserted Patents, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D. A finding that ICS willfully infringed the '139 Patent and the '632 Patent, and award punitive damages pursuant to 35 USC § 284.

E. To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award F4W its attorneys' fees, expenses, and costs incurred in this action; and

F. To award F4W such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff F4W respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

| MORGAN & MORGAN, P.A. | ZIES WIDERMAN & MALEK |
|---|---|
| By: /s/David S. Oliver<br>David S. Oliver<br>Florida Bar No.: 529122<br>20 N. Orange Avenue<br>Suite 1600<br>P.O. Box 4979 (32802)<br>Orlando, FL 32801<br>Telephone: (407) 849-2972<br>Facsimile: (407) 245-3351<br>DOliver@forthepeople.com | By: /s/Mark R. Malek<br>Mark R. Malek<br>Florida Bar No. 571385<br>1900 W. New Haven<br>Suite 201<br>Melbourne, FL 32904<br>Telephone: (321) 255-2332<br>Facsimile: (321) 255-2351<br>Mark@legalteamusa.com |
| Dated: January 25, 2013 | Dated: January 25, 2013 |